PASCASIA LÓPEZ DE GERENA, Plaintiff and Appellant, v. HEIRS OF JUAN RAMOS LÓPEZ ET AL., Defendants and Appellees.

No. 4904. Argued February 24, 1930.—Decided March 31, 1930.

*González Fagundo & González Jr.,* and *Arturo Aponte,* for appellant. *Henry G. Molina* and *A. Arroyo Ríos,* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

There are four motions pending of decision in the present case. By the first one the United Porto Rican Sugar Co. seeks to be substituted as a party defendant in the place and stead of Central Pasto Viejo, Inc., the rights of which it claims to have acquired. This motion has been filed by the same attorney who represented Central Pasto Viejo. No opposition has been made and the motion must be granted.

By the second motion the defendants sought to have an error in the opinion of the district court corrected. The plaintiff acquiesced, and the motion must also be granted.

The third and fourth motions seek a dismissal of the appeal and bear the same date. One of them has been filed by the United Porto Rican Sugar Co. as the assignee of Central Pasto Viejo, Inc., through its attorney H. G. Molina;

and the other has been filed by the Heirs of Juan Ramos López, through their attorney A. Arroyo Ríos.

The plaintiff-appellant appeared at the hearing of the motions through its counsel F. González Fagundo and opposed the dismissal of the appeal. We remember that appellant's argument was somewhat lengthy, but we do not recall the particulars thereof. It would have been better if the appellant had stated in writing the essential points and the law and the decisions on which she based her opposition.

In the motion to dismiss filed by the United Porto Rican Sugar Co. it is contended that, although the appellant has urged only the "reversal of the judgment appealed from," it appears from her argument that what she really seeks is to have this court sustain the complaint in all its particulars, and this would not be proper because neither the district court nor this court has acquired jurisdiction over Bernarda Torres or Jesús Ramos, owners of certain portions of the main property involved in the litigation, since they had not been made individually parties thereto, and, even if considered as parties defendant included among the Heirs of Juan Ramos López, they had not been served with notice of the appeal; and that there was also failure to notify and summon the Friedman spouses, who were part-owners of the said property and were named as defendants in the complaint.

The motion to dismiss filed by the Heirs of Juan Ramos López is based on the ground that, having been served with notice of the appeal, they were afterwards completely ignored and were not notified either of the statement of the case, of the hearing to approve the same, of the transcript of the record, or of the brief of the appellant.

Really the complaint is directed not only against Central Pasto Viejo, Inc., but also against the Heirs of Juan Ramos López and of José Genera, and against the Friedman spouses.

Central Pasto Viejo, Inc., was undoubtedly the one which bore the brunt of the defense, but it has been shown by a

certificate attached to the motion to dismiss entered by the Heirs of Juan Ramos López that the latter appeared in the action through their attorney A. Arroyo Ríos and filed an answer and a demurrer to the complaint.

Besides, it is alleged in the complaint that the plaintiff and her husband were the owners of a certain property having an area of 25 acres; that plaintiff's husband, who owned only one-half of the said property, sold the whole of it to· Juan Ramos López; that the latter died and his children assigned to S. C. Friedman all their rights and interests therein; that Friedman, in his capacity as assignee, proceeded to make a partition of the estate, allotting to the widow Bernarda Torres 11 acres and to one of the decedent's sons, ˙Jesús Ramos Torres, 1.18 acres out of the said property of 25 acres; that thereafter Bernarda and Jesús leased their portions to Central Pasto Viejo for ninety-nine years. It may be inferred that Friedman retained the balance of the 25-acre tract. The prayer contains, among others, a request to have the plaintiff declared to be the owner of one-half of the said tract. The judgment appealed from was in favor of the defendant, and in the statement of the case and opinion on which that judgment was based the district judge concluded by saying that he was not in a position to declare beyond all doubt that the plaintiff is the owner of one-half of the property claimed by her, and for that reason he was of the opinion that judgment should be entered for the defendant.

From a reading of the said statement of the case and opinion the conclusion must be reached that the evidence introduced, instead of throwing light on the matter, made it more obscure than did the complaint itself. But taking all in all, it appears that the judgment finally rendered favors not only Central Pasto Viejo, Inc., but the other defendants as well and, therefore, the said defendants are parties really interested in the appeal; and as they have been ignored, especially Bernarda Torres and Jesús Ramos, in the manner stated in the motions, a dismissal of the appeal lies.